**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARVIN NORDGAARDEN, | ) |
| Plaintiff, | ) 3:16-cv-00042-RCJ-WGC |
| vs. | ) |
| ISIDRO BACA, | ) **ORDER** |
| Defendant. | ) |

This prisoner civil rights complaint under 42 U.S.C. § 1983 arises out of an alleged altercation over whether a prisoner could remove his meal from the prison cafeteria. Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") on motions to dismiss and for summary judgment. For thse reasons given herein, the Court respectfully rejects the R&R in part and grants the motion for summary judgment.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Marvin Nordgaarden is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") housed at Northern Nevada Correctional Center ("NNCC") in Carson City. In his Complaint, Plaintiff alleged a free exercise violation based on a policy preventing inmates from bringing their food outside of the cafeteria on Passover. Plaintiff alleged that his Jewish faith requires him to eat his meal outside the presence of chametz (leavened bread). He also alleged an equal protection violation based on the policy and an Eighth Amendment

violation based on insufficient nutritional value of kosher meals provided. Upon screening, the Court dismissed the claims with leave to amend. Plaintiff filed the First Amended Complaint ("FAC"). The Court dismissed the amended claims without leave to amend but permitted a new claim for retaliation in violation of the First Amendment to proceed against Corrections Officer Vest. In that claim, Plaintiff alleges that on April 11, 2015, he argued with Vest when Plaintiff tried to leave the cafeteria with his meal during Passover. Vest told him it was not permitted on that day. Plaintiff disagreed and tried to leave, anyway. Vest took Plaintiff's meal, shoved him against a wall, handcuffed him, put him in a holding cell, and threatened him with administrative segregation should he file a complaint. Vest has filed motions to dismiss and for summary judgment.

**II.  SUMMARY JUDGMENT STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the nonmoving party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the nonmoving party must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmoving party is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party

where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

Vest asks for summary judgment both on the merits and for failure to exhaust administrative remedies. The Court grants the motion for failure to exhaust. The Court adopts the Magistrate Judge's recitation of the law regarding exhaustion of administrative remedies and the grievance process as provided by NDOC Administrative Regulation ("AR") 740 and will not reproduce it here. The parties do not appear to dispute that Plaintiff opened two grievance files arguably related to the alleged retaliation, Nos. 20062998812 and 20063011050. The Court respectfully disagrees with the R&R that Plaintiff has shown a genuine issue of material fact as to exhaustion of the '812 grievance, and the Court also finds that Plaintiff has not shown a genuine issue of material fact as to exhaustion of the '050 grievance.[1]

As to the '812 grievance, the potentially disputed issue is whether Plaintiff submitted a first-level grievance.[2] Vest has adduced the grievance log, which does not indicate any first-level grievance but only an informal grievance and four second-level grievances that were all returned as improper because no first-level grievance had been filed. (*See* ECF No. 39-1). He has also adduced the underlying improper grievance forms indicating that Plaintiff had filed multiple second-level grievances without having filed a first-level grievance. (*See* ECF No. 21-3,

---

1 The Magistrate Judge did not address the '050 grievance in the R&R because he recommended that summary judgment be denied as to the '812 grievance.

2 AR 740 requires an informal grievance, a first-level grievance, and a second-level grievance.

at 2–6). Vest's evidence would entitle him to a directed verdict on the non-exhaustion issue were it to go unrebutted at trial. Plaintiff has not created a genuine issue of material fact with his evidence. Plaintiff's only evidence as to whether he filed a first-level grievance is a copy of a first-level grievance that only has his own markings on it, not any indication of receipt or response. (*See* ECF No. 24, at 39).[3] In other words, the only copy adduced of any first-level grievance is indisputably unprocessed. Plaintiff provides no testimony that he timely submitted his first-level grievance, which is unlikely given the detailed attention NDOC gave to his other filings. Plaintiff has simply adduced no evidence that he actually submitted a first-level grievance. He has just adduced a copy of an unprocessed first-level grievance, which only tends to show that he filled it out (at some point in time), not that he timely submitted it. There is no attestation or other evidence in the record indicating that, when, or to whom any first-level grievance was submitted.

As to the '050 grievance, the informal grievances Plaintiff himself attaches to his opposition do not indicate any complaint for the alleged April 11, 2015 retaliation, but only a complaint against the underlying policy, claims the Court dismissed with prejudice upon screening the FAC. (*See* Informal Grievance, Feb. 12, 2016, ECF No. 24, at 22–24 (including duplicate of first page); Informal Grievance, Oct. 23, 2016, ECF No. 24, at 26–29 (including duplicate of first page)). The October 23, 2016 Informal Grievance states "It can also be considered an act of retaliation based on [the '812] grievance." But that claim of "retaliation" has nothing to do with Vest's alleged treatment of Plaintiff on April 11, 2015. Rather it is an argument that the continued general policy of not permitting Plaintiff to eat his meals outside the

---

3 A stamp on the document indicates it was "received" on December 3, 2015, because it was attached to Plaintiff's fourth improper second-level grievance filed on that date. (*See id.*; Obj. 8:18–21, ECF No. 39).

cafeteria (not just on Passover but on all days) was retaliation for his having filed the '812 grievance. Plaintiff has filed no such retaliation claim in this Court. His retaliation claim in this Court is based on the alleged April 11, 2015 incident. (*See* First Am. Compl. 6, ECF No. 7). And if the '050 Informal Grievance filed on October 23, 2016 were read to complain of the April 11, 2015 incident, it would be untimely under AR 740, which requires grievances to be filed no later than six months after the incident. (*See* AR 740 § 740.05(4), ECF No. 39-3, at 6).

In summary, Vest is entitled to summary judgment based on non-exhaustion of administrative remedies. Because the Court resolves the case on the non-exhaustion issue, it reserves judgment on the merits.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 32) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 21) is GRANTED, and the Motion to Dismiss (ECF No. 20) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 23rd day of August, 2017.

_____
ROBERT C. JONES
United States District Judge